UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cr-20157-RAR/Becerra

UNITED STATES OF AMERICA

v.

TRACY ANTHONY SCOTT,

    Defendant.
_____/

**OMNIBUS REPORT AND RECOMMENDATION ON DEFENDANT'S MOTIONS FOR RELIEF FROM JUDGMENT AND COMPASSIONATE RELEASE**

**THIS CAUSE** came before the Court on Defendant Tracy Anthony Scott's *pro se* Motion for Relief From Judgment Under Fed. R. Civ. P. 60(b)(6) and *pro se* Motion for Compassionate Release or Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (together, the "Motions").[1] ECF Nos. [82], [87]. The United States of America (the "Government") filed Responses in Opposition to the Motions, ECF Nos. [84], [91], and Defendant filed Replies. ECF Nos. [86], [93]. Defendant also filed a Supplement to his Motion for Relief From Judgment, to which the Government filed a Response. ECF Nos. [97], [98]. Upon due consideration of the Motions and Supplement, the pertinent portions of the record, the relevant legal authorities, and for the reasons explained below, it is hereby **RECOMMENDED** that Defendant's Motion for Relief From Judgement, which the Court construes as a second habeas petition under 28 U.S.C. § 2255, be **DISMISSED** and his Motion for Compassionate Release be **DENIED**.

---

[1] This matter was referred to the undersigned by the Honorable Rodolfo A. Ruiz, II, United States District Judge. ECF No. [96].

1

**I.      BACKGROUND**

On March 16, 2016, a federal grand jury returned a two-count Indictment charging Defendant with possession of a controlled substance near a school, in violation of 21 U.S.C. § 860, (Count 1) and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), (Counts 2). ECF No. [8]. Defendant plead guilty to both counts in the Indictment. ECF No. [45]. On October 28, 2016, Defendant was sentenced to 140 months' imprisonment on Count 1, and 120 months' imprisonment on Count 2, to run concurrently (the "Judgment"). ECF Nos. [54], [55].

Prior to sentencing, a Presentence Investigation Report ("PSI") was prepared which classified Defendant as a career offender under U.S.S.G. § 4B1.1. ECF No. [50]. Defendant's career-offender classification was based upon two prior Florida convictions for controlled substance offenses under Fla. Stat. § 893.13(1), specifically: (i) a 1994 conviction for sale, manufacture, or delivery of cocaine, and possession with intent to sell or deliver cocaine; and (ii) a 2012 conviction for unlawful sale, manufacture, or delivery of cannabis. *Id*. Given Defendant's total offense level and his career-offender classification, the PSI calculated his advisory guideline sentencing range as 210 to 262 months' imprisonment. *Id*.

Defendant objected to the PSI and, specifically, to the career offender enhancement. ECF No. [51] at 3-6. Defendant argued that his 2012 conviction could not be used as a predicate conviction because, after 2002, Fla. Stat. § 893.13(1) lacks a *mens rea* requirement as to the illicit nature of the substance, and thus, it does not constitute a "controlled substance offense" that can support the career-offender enhancement.[2] *Id*. The Court disagreed with Defendant, accepted the computation set forth in the PSI, and found that Defendant was a career offender. ECF No. [70]

---

[2] "A defendant is a career offender if, among other things, he has at least two prior felony convictions for a 'controlled substance offense'." *United States v. Scott*, 703 F. App'x 924, 924-25 (11th Cir. 2017).

at 20:12-21. Ultimately, the Court applied a 70-month downward variance and sentenced Defendant below the advisory guideline range. ECF Nos. [55], [70] at 32-33.

Defendant appealed his sentence to the Eleventh Circuit Court of Appeals, again arguing that his 2012 conviction does not qualify as a predicate conviction under the career-offender guideline. *United States v. Scott*, 703 F. App'x 924 (11th Cir. 2017). The Eleventh Circuit affirmed Defendant's sentence and concluded that the District Court properly classified Defendant as a career offender because his 2012 conviction constituted a controlled substance offense under the Sentencing Guidelines. *Id*. at 926.

In April 2018, Defendant filed a *pro se* motion to vacate his conviction and sentence under 28 U.S.C. § 2255. *See Scott v. United States*, 18-cv-22353, (S.D. Fla. 2018), at ECF No. [1]. Defendant argued that he was denied effective assistance of counsel because: (i) his lawyer failed to object to the Court's finding that he qualified for the career-offender enhancement, and (ii) his appellate counsel failed to file a petition for certiorari review to the United States Supreme Court following the conclusion of his direct appeal. *Id*. at 14-17. On January 3, 2019, the Court denied Defendant's 2255 Motion on the merits, and the Eleventh Circuit denied Defendant's application for a Certificate of Appealability. *See Scott,* 18-cv-22353 at ECF Nos. [4] at 35, [10], [18].

In August 2020, Defendant filed a Motion for Compassionate Release or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), First Step Act, and 4205(g). ECF No. [79]. Defendant argued that he was at increased risk of experiencing serious side effects from COVID-19 because he suffers from hypertension. *Id*. Following full briefing, the Court denied the Motion. ECF No. [81]. The Court found that Defendant failed to establish extraordinary and compelling circumstances that justified a sentencing reduction because "nothing in the record indicates that [Defendant's hypertension] is not controlled with the provided medication," and "the existence of the [COVID-19] virus alone does not render Defendant's circumstances compelling." *Id*. at 2.

The Court further found that "[t]he 18 U.S.C. § 3553(a) factors also militate against release." *Id*. The Court explained that:

> The Defendant's crimes of conviction involved selling drugs across the street from an elementary school. He also possessed a firearm as a convicted felon. The Defendant has a lengthy criminal record, as detailed in the Presentence Investigation Report. His criminal activity has not decreased with age.

*Id*. Defendant has now filed a Renewed Motion for Compassionate Release or Sentence Reduction, as well as a Motion for Relief From Judgment Under Fed. R. Civ. P. 60(b)(6).

**II.     INSTANT MOTIONS**

In his Motion for Relief From Judgment, Defendant argues that the Court should set aside the Judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure and resentence him without application of the career-offender enhancement because his 2012 conviction does not qualify as a predicate conviction. ECF No. [82]. The crux of Defendant's argument is that the Eleventh Circuit incorrectly decided his direct appeal, purportedly because the Eleventh Circuit misapplied its earlier decision in *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014), to conclude that Defendant's 2012 conviction was for a "controlled substance offense" such that it could be used as a predicate conviction for the career-offender enhancement. *Id*. at 2-5. Defendant also complains that this argument "never was presented to the Supreme Court because [his] attorney failed to file the Writ of Certiorari on time," which is a basis that Defendant previously asserted in his 2255 Motion. *Id*. at 2.[3] In his Supplement, Defendant argues that he is entitled to

---

[3] The undersigned notes that the version of Defendant's Motion for Relief From Judgment filed with the Court is missing pages 6 through 8. *See* ECF No. [82]. The Government brought this error to Defendant's attention in its Response—filed in February, 2021—but Defendant still has not filed the missing pages or otherwise provided them to the Court or the Government. As explained below, the substance of any arguments that Defendant may have raised in those missing pages does not affect the undersigned's analysis because, as explained below, Rule 60(b) cannot be used in a criminal case and, to the extent the Motion can be construed as a second § 2255

4

relief based on the Eleventh Circuit's recent decision in *United States v. Dupree*, which held that "[t]he definition of 'controlled substance offense' in § 4B1.2(b) of the Sentencing Guidelines does not include inchoate offenses like conspiracy and attempt." *Dupree*, 57 F.4th 1269, 1280 (11th Cir. 2023).

The Government opposes the Motion and the Supplement for three reasons. ECF Nos. [84], [98]. First, the Government argues that Rule 60(b) does not provide relief in criminal cases. ECF No. [84] at 8. Second, the Government argues that even if Defendant's Rule 60(b) motion is construed as a second § 2255 motion, this Court lacks jurisdiction to consider the motion because Defendant did not obtain authorization from the Eleventh Circuit to file a successive motion to vacate his sentence. ECF Nos. [84] at 9-11, [98] at 4-5. For this reason, the Government contends that the Court need not consider *Dupree* but, if it does, the Government requests permission to brief the merits of Defendant's argument. ECF No. [98] at 5. Finally, the Government contends that if the Court were to consider Defendant's Rule 60(b) Motion, he failed to demonstrate "exceptional circumstances" to justify this "extraordinary remedy" because his Motion merely "take issue with the Eleventh Circuit's legal analysis of [*Smith*] and that holding's application to the Defendant's designation as a career offender." ECF No. [84] at 12. For the reasons explained below, the Court cannot reach the substance of Defendant's Motion, even in light of *Dupree*, because Rule 60(b) is inapplicable and the Court lacks subject matter jurisdiction if the Motion is reconstrued as a successive habeas petition.

Defendant has also filed a Renewed Motion for Compassionate Release. ECF No. [87]. Defendant argues that "extraordinary and compelling" reasons warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based upon an alleged medical condition and intervening changes in

---

motion, the Court lacks subject matter jurisdiction to consider it because Defendant did not first obtain authorization from the Eleventh Circuit to file a second or successive habeas petition.

5

the law. *Id*. 2-6. In particular, Defendant repeats—verbatim—the argument that Judge Cooke rejected, namely that Defendant is at increased risk of complications from COVID-19 because he suffers from hypertension. *Id*. at 4-6. Defendant also repeats the argument made in his Rule 60(b) Motion, that is, his 2012 conviction should not have been used as a predicate for the career-offender enhancement. *Id*. at 2-4. In support of this argument, Defendant relies on the Eleventh Circuit's decision in *United States v. Jackson*, which examined "serious drug offense" under the Armed Career Criminal Act. *Jackson*, 36 F.4th 1294 (11th Cir. 2022), *vacated*, 36 F.4th 1294 (11th Cir. 2022), and *superseded by* 55 F.4th 846 (11th Cir. 2022).

Defendant further argues that the Section 3553(a) factors support his release because of his: (i) age (54 years old), (ii) completion of "numerous courses" and lack of "major disciplinary violations" while incarcerated, (iii) non-violent criminal history, (iv) low recidivism classification, and (v) completion of more than 60% of his sentence. *Id*. at 6. Defendant states that he "has a home to reside in upon release" and relatives who work at Amazon and Walmart that can help Defendant secure employment. *Id*. at 7.

In its Response, the Government argues that Defendant's Motion for Compassionate Release should be denied both because he fails to demonstrate extraordinary and compelling circumstances and because the Section 3553(a) factors do not support his release. ECF No. [91] 5-13. First, the Government argues that Defendant failed to exhaust his administrative remedies because he did not submit a new compassionate release request to the Bureau of Prisons prior to filing the Motion. *Id*. at 5 n.4. Second, if the Court considers the merits of the Motion, the Government argues that Defendant has not shown that he suffers from a "serious medical condition" because he is fully vaccinated against COVID-19. *Id*. at 6-7. The Government also argues that Defendant cannot challenge his sentence through a § 3582(c) motion, nor can he rely on *Jackson* as a basis to obtain relief because alleged intervening changes in the law is not one of

the "extraordinary and compelling" reasons described in U.S.S.G. § 1B1.13. *Id*. at 8-10. The Government further argues that Defendant's reliance on *Jackson* is misplaced because that decision did not involve a "controlled substance offense" for purposes of the career offender enhancement. *Id*. at 10-12.

Finally, the Government argues that the Section 3553(a) factors weigh heavily against granting Defendant's Motion. *Id*. at 12-13. The Government contends that Defendant "has not presented justification challenging the Court's rationale from just two years ago" when it found that the Section 3553(a) factors "militate against release." *Id*. at 12; ECF No. [81] at 2. The Government also asserts that Defendant has an "extensive" criminal history and continued to engage in criminal conduct despite previously serving a nine-year prison sentence. ECF No. [91] at 12-13. The Government further notes that the Court already granted Defendant a 70-month downward variance at sentencing. *Id*. at 13.

## III. ANALYSIS

### A. Motion For Relief From Judgment.

Defendant seeks to set aside the Judgment and be resentenced pursuant to Federal Rule of Civil Procedure 60(b)(6). ECF No. [82]. Rule 60(b)(6) states in pertinent part that "[o]n motion and just terms, the court may relieve a party … from a final judgment, order, or proceeding for … any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Defendant cannot rely on Rule 60(b) because it is a rule of *civil* procedure, and thus cannot be used to challenge his *criminal* sentence. The Eleventh Circuit has long held that "Rule 60(b) simply does not provide for relief from judgment in a criminal case …." *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998); *see also Smith v. United States*, 433 F. App'x 891, 893 (11th Cir. 2011) ("Rule 60(b) is a rule of civil procedure that cannot be used to attack a judgment in a criminal case.").

7

A Rule 60(b) motion is "properly construed as a second or successive § 2255 motion if it either (1) seeks to add a new ground for relief or (2) attacks the district court's prior resolution of a claim on the merits." *Saint Surin v. United States*, 814 F. App'x 540, 542 (11th Cir. 2020) (citation omitted). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner generally cannot file a second or successive motion to vacate unless it is based upon "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[,]" and the prisoner first files an application "in the appropriate court of appeal for an order authorizing the district court to consider the application." 28 U.S.C. § 2255(h). "AEDPA's successive-petition rules apply to Rule 60(b) motions seeking relief from a judgment denying § 2255 relief." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Defendant summarily asserts that the Motion is not a successive habeas petition because it "did not seek to reassert a claim for relief, but instead points out a defect in the integrity of the earlier 2255 motion proceeding in his case …." ECF No. [86] at 3. The undersigned does not agree. A Rule 60(b) motion will not be treated as a successive habeas petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532. "Generally, to attack a defect in the integrity of the § 2255 proceedings … the Rule 60(b) motion must allege a fraud on the court or a procedural error that prevented the court from reaching the merits of the § 2255 motion." *Howell v. United States*, No. 20-13143, 2022 WL 175484, at *2 (11th Cir. 2022).

Defendant makes no such assertions in his Motion. Indeed, the Court previously considered all the claims that Defendant raised in his first § 2255 proceeding and denied those claims on the merits. *See Scott,* 18-cv-22353 at ECF Nos. [4] at 35; *see also Howell*, 2022 WL 175484 at *2 ("[T]he district court did not err in denying Howell's motion under Rule 60(b)

8

because he failed to show a defect in the integrity of his § 2255 proceeding, given that the district court had considered all the claims he had raised."). Defendant's Motion makes clear that he is attacking the legality of his sentence based upon a "subsequent change in substantive law," namely the Eleventh Circuit's recent decision in *United States v. Dupree*, which "although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531. Accordingly, the Court is required to reconstrue Defendant's Rule 60(b) Motion as a successive habeas petition. *Id.*; *see also Smith v. United States*, No. 14-cr-20014-RAR, 2023 WL 1433801, at *2 (S.D. Fla. Feb. 1, 2023) ("Since Movant's Rule 60(b) Motion is based upon a purported change in the substantive law governing his claim, it must be reconstrued as a successive § 2255 motion.") (quotation marks omitted) (citing *Gonzalez*, 545 U.S. 531-32)); *United States v. Harvey*, 699 F. App'x 899, 900 (11th Cir. 2017) ("[Defendants] sought ultimately to test the legality of their sentences, so their avenue of relief was section 2255. And they could not use a Rule 60(b) motion to circumvent the prohibition on filing successive postconviction challenges to a sentence.") (citations omitted).

Defendant has not sought, much less received, authorization from the Eleventh Circuit to file a successive motion to vacate. "Without authorization, the district court lack[s] jurisdiction to consider a second or successive [habeas] petition." *Harvey*, 699 F. App'x at 900 (quoting *Farris*, 333 F.3d at 1216); *see also Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). Thus, the Court cannot consider the merits of Defendant's argument that his sentence is illegal in light of *Dupree*. *See Smith*, 2023 WL 1433801 at *1-2. ("Irrespective of whether Movant's claim [attacking the legality of his sentence based upon *Dupree*] has any merit, the Court lacks jurisdiction to consider the [Rule 60(b) Motion since it amounts to a successive §

9

2255 motion that was filed without authorization from the Eleventh Circuit."). For these reasons, the undersigned **RECOMMENDS** that the Court construe Defendant's Motion for Relief From Judgment as a successive § 2255 motion and dismiss it for lack of subject matter jurisdiction because Defendant did not receive prior authorization from the Eleventh Circuit.

The undersigned **FURTHER RECOMMENDS** that the Court decline to issue a certificate of appealability. A prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability before he can appeal the denial of an application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). The Court should grant a certificate of appealability only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Given the reasons set forth above, which are based upon well-established law, the undersigned finds that Defendant has failed to make the requisite showing.

### B. Motion For Compassionate Release.

The Court next considers Defendant's Motion for Compassionate Release or Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. [87]. "Generally, a district court may not modify a term of imprisonment once imposed." *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). However, Title 18, United States Code, Section 3582(c)(1)(A) permits a defendant to seek compassionate release after he has exhausted his administrative remedies within the Bureau of Prisons. *See* 18 U.S.C. § 3582(c)(1)(A) (a court may modify a prison term after a defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility").[4] The Government asserts that Defendant failed to exhaust his administrative remedies because he did not file a new administrative request following the Court's

---

[4] Section 3582 was amended by the First Step Act of 2018 to permit prisoners to file motions for compassionate release directly with the Court. *See* Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

10

denial of his prior Motion for Compassionate Release. ECF No. 91] at 5 n.4. Defendant does not address this argument in his Reply, nor has he provided evidence reflecting that he exhausted his administrative remedies in connection with the instant Motion. While the Court could deny the Motion for failure to exhaust administrative remedies, the undersigned will nonetheless address the merits of the Motion, as it is clear that Defendant is not entitled to relief.

> 1. **Defendant Has Failed To Show Any Extraordinary And Compelling Reason That Would Warrant Compassionate Release.**

A court may grant compassionate release if it finds "extraordinary and compelling reasons" that are consistent with Section 1B1.13 of the Sentencing Guidelines, and modification is warranted after considering the Section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A)(i)–(ii); *United States v. Bryant*, 996 F.3d 1243, 1251, 1254 (11th Cir. 2021). The applicable policy statement issued by the Sentencing Commission provides that a court may reduce a term of imprisonment upon a determination that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(1)–(3); *Bryant*, 996 F.3d at 1258 (stating that "1B1.13 [is] an applicable policy statement for all Section 3582(c)(1)(A) motions, regardless of who files them"). In turn, the policy statement defines "extraordinary and compelling reasons" as follows:

> (A) **Medical Condition of the Defendant.—**
>
> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
>    (I) suffering from a serious physical or medical condition,
>    (II) suffering from a serious functional or cognitive impairment, or
>    (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care

11

  within the environment of a correctional facility and from which he or she is not expected to recover.

  (B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

  (C) **Family Circumstances.**—
    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1. Defendant bears the burden to establish that relief is warranted under Section 3582(c)(1)(A). *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021).

  Defendant offers only one "extraordinary and compelling" reason which might fall within the foregoing policy statement, specifically that Defendant suffers from a serious medical condition because he is purportedly at increased risk of serious complications from COVID-19 as a result of hypertension. ECF No. [87] at 4-6. This reason is insufficient. The Court previously considered and rejected Defendant's argument when it denied his prior Motion for Compassionate Release. *See* ECF No. [81] at 2. Defendant offers no new justification for concluding that his hypertension, whether in isolation or in connection with a hypothetical COVID-19 diagnosis, constitutes a serious medical condition. Indeed, Defendant merely reasserts the identical argument that he raised in his first, unsuccessful Motion for Compassionate Release.

  Further, the Eleventh Circuit "ha[s] noted the fact that a prisoner has a common ailment that could 'possibly' make his risk of a serious illness 'more likely' if he contracts COVID-19 is not the kind of debilitating condition that meets the policy-statement definition of an 'extraordinary

and compelling reason' for early release from prison." *United States v. Jackson*, No. 22-11639, 2023 WL 2325060, at *2 (11th Cir. 2023). Notably, the Government explains—and Defendant does not dispute—that Defendant is fully vaccinated against COVID-19. ECF No. [91] at 6-7. This further supports a finding that Defendant has failed to demonstrate extraordinary and compelling reasons that warrant a sentence modification. *See e.g., United States v. Belidor*, No. 22-11906, 2023 WL 242884, at *1 (11th Cir. 2023) (summarily affirming district court's denial of motion for compassionate release because defendant's "medical records reflect that he is receiving treatment for [his medical] conditions, is fully vaccinated against COVID-19, and has received a booster vaccine."); *United States v. Rodriguez*, No. 22-11113, 2023 WL 2944938, at *1 (11th Cir. 2023) ("Rodriguez also received three doses of the COVID-19 vaccine, which undermines her claims that she is at risk of severe illness from COVID-19.").

Defendant also argues that extraordinary and compelling reasons exist because of intervening changes in the law, namely *Mathis v. United States*, 579 U.S. 500 (2016) and *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022),[5] which purportedly render his predicate convictions invalid for purposes of applying the career-offender enhancement. *Id*. at 2-4. However, intervening changes in the law is not a reason listed in the Sentencing Commission's policy statement. To the extent that Defendant bases his argument on Section 3582(c)(1)(A)'s "catch-all" provision, he cannot do so because *Bryant* makes clear that this "catch-all" provision only applies to determinations made by the Bureau of Prisons. *Bryant*, 996 F.3d at 1248 ("Application Note 1(D) does not grant discretion *to courts* to develop 'other reasons' that might justify a reduction in a defendant's sentence.") (emphasis added).

---

[5] Defendant's reliance on *Jackson* is misplaced, as the Eleventh Circuit later vacated its decision, 36 F.4th 1294 (11th Cir. 2022), and issued a superseding opinion, 55 F.4th 846 (11th Cir. 2022).

Defendant appears to contend that the Court can nonetheless consider intervening changes of law—despite *Bryant*'s admonition that "district courts are bound by the Commission's definition of 'extraordinary and compelling reasons' found in [§] 1B1.13, 996 F.3d at 1262, because of the United States Supreme Court's subsequent decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). In *Concepcion*, the Supreme Court held that district courts can consider intervening changes in the law when exercising their discretion whether to reduce a defendant's sentence for crack-cocaine convictions under § 404 of the First Step Act. *Concepcion*, 142 S. Ct. at 2396, 2400. The Eleventh Circuit has repeatedly considered—and consistently rejected—Defendant's argument that *Concepcion* applies to motions for compassionate release under Section 3582(c)(1)(A). *See United States v. Davis*, No. 23-10709, 2023 WL 6579437, at *3 (11th Cir. Oct. 10, 2023); *United States v. Hamilton, Jr.*, No. 22-11598, 2022 WL 16845149, at *3 (11th Cir. Nov. 10, 2022); *United States v. Williams*, No. 22-13150, 2023 WL 4234185, at *3-4 (11th Cir. June 28, 2023); *United States v. Billingsley*, No. 22-11918, 2023 WL 3001569, at *3 (11th Cir. April 19, 2023).

For example, in *Hamilton, Jr.*, the defendant argued that extraordinary and compelling reasons warranted early release, relying upon "post-sentencing changes in the law which, he said, rendered his drug-conspiracy conviction not a controlled-substance offense and meant he was no longer a career offender." 2022 WL 16845149 at *1. The district court denied the defendant's motion, in part because it concluded that "it was not authorized to grant compassionate release based solely on a change in the law related to his career-offender status." *Id*. The Eleventh Circuit affirmed, stating that "[b]ecause changes in the law do not fall within any of the reasons that § 1B1.13 identifies as 'extraordinary and compelling,' the district court correctly concluded that it lacked the authority to grant a reduction based on intervening legal changes." *Id*. at *3. The Eleventh Circuit explained that *Concepcion* "does not change this analysis" because:

14

> As *Concepcion* itself recognizes, Congress can "expressly cabin[ ] district courts' discretion by requiring courts to abide by the Sentencing Commission's policy statements," which it did in the case of both § 3582(c)(1)(A) and § 3582(c)(2). And that additional limitation, we held in *Bryant*, means that no reduction can be granted under § 3582(c)(1)(A) unless a defendant establishes an extraordinary and compelling reason within the meaning of § 1B1.13.

*Id*. at *3. The *Hamilton, Jr.* court concluded that "[b]ecause Hamilton's motion did not present grounds falling within any of the reasons that § 1B1.13 identifies as 'extraordinary and compelling,' the district court properly denied his motion for a sentence reduction under § 3582(c)(1)(A)." *Id*.

The Eleventh Circuit later reaffirmed that *Concepcion* did not overrule or abrogate its decision in *Bryant*. *See e.g., Williams*, No. 22-13150, 2023 WL 4234185, at *1 (11th Cir. 2023); *Billingsley*, 2023 WL 3001569 at *3. For example, in *Williams*, the defendant filed a Section 3582(c) motion for sentence reduction arguing, among other things, that one of his state convictions should not have been used as a predicate offense for purposes of the career offender enhancement. *Williams*, 2023 WL 4234185 at *1. The district court denied his motion because, among other reasons, the defendant did not satisfy the definition of extraordinary and compelling reasons set forth in U.S.S.G. § 1B1.13. *Id*. at *2. The Eleventh Circuit affirmed, stating that:

> Because *Concepcion* did not address compassionate release motions, it is not directly on point and does not directly conflict with or abrogate our precedent in *Bryant* and its progeny that, in determining whether a defendant is eligible for a sentence reduction under the compassionate release provisions, the district court is limited to the Commission's definition of extraordinary and compelling reasons found in § 1B1.13.

*Id*. at *3 (quotation marks and citations omitted). The *Williams* court concluded that "[b]ecause *Concepcion* did not change the analysis for determining whether a movant is eligible for a § 3582(c) sentence reduction, it had no application to William's case and the district court was not required to consider the changes in the law or evidence of rehabilitation proffered by Williams in determining whether there were extraordinary and compelling reasons for a reduction under §

1B1.13." *Id*. at 4;[6] *see also Davis*, 2023 WL 6579437, at *3 ("Because *Concepcion*'s holding did not address compassionate-release motions, the decision did not overrule or abrogate our precedent in *Bryant* and *Giron* about the types of circumstances that are extraordinary and compelling enough for relief under § 3582(c)(1)(A).").

For these reasons, the Court is without authority to consider intervening changes in the law when determining whether extraordinary and compelling reasons exist, as it would be inconsistent with the Section 1B1.13 policy statement. Given Defendant's failure to demonstrate that extraordinary and compelling reasons warrant a sentence reduction, the undersigned **RECOMMENDS** that Defendant's Motion for Compassionate Release be denied.

## 2. Defendant Has Failed To Show That The Section 3553(a) Factors Support A Sentence Reduction.

Even if Defendant had shown extraordinary and compelling circumstances weighing in favor of compassionate release, the Court must still consider the Section 3553(a) factors. Those factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant"; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established"; (5) "any pertinent policy statement"; (6) "the need to avoid

---

[6] The Eleventh Circuit also recognized that "to the extent Williams argued for a reduction based on *Concepcion* and other changes in the law, he was in essence collaterally attacking his conviction and sentence." *Id*. at *4. The court made clear that this was impermissible because "[a] prisoner cannot use § 3582(c)(2) as a vehicle to collaterally attack their conviction and sentence." *Id*. (citation omitted). The Eleventh Circuit held that because "Williams had previously filed a § 2255 motion and had not sought leave from this Court to file a second or successive § 2255 motion … [c]onsequently, the district court lacked jurisdiction to consider his collateral challenge to his conviction and sentence." As explained *supra*, the same reasoning is true here.

unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." *See* 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(1)–(7). The Court previously found that the Section 3553(a) factors did not favor release given the nature of the offenses for which Defendant was convicted, namely selling drugs across from an elementary school and possessing a firearm despite being a convicted felon, as well as his "lengthy criminal record" and the fact that his "criminal activity has not decreased with age." ECF No. [81] at 2. Defendant has not provided any reason for the Court to conclude that these concerns are no longer valid. Accordingly, the undersigned finds that a sentence reduction is not warranted in light of the Section 3553(a) factors.

## IV.   CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that Defendant's Motion for Relief From Judgment Under Fed. R. Civ. P. 60(b)(6), ECF No. [82], be **DISMISSED** and Defendant's Renewed Motion for Compassionate Release, ECF No. [87], be **DENIED**.

## V.   OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Any request for an extension of this deadline must be made within seven (7) calendar days from the date of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police*

*Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

   **DONE AND SUBMITTED** in Chambers at Miami, Florida, on January 17, 2024.

                    _____
                    **JACQUELINE BECERRA**
                    **UNITED STATES MAGISTRATE JUDGE**