UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CR-20157-RAR

**UNITED STATES OF AMERICA**,

v.

**TRACY ANTHONY SCOTT**,

   Defendant.
_____/

### ORDER ADOPTING OMNIBUS REPORT AND RECOMMENDATIONS

**THIS CAUSE** comes before the Court upon Defendant Tracy Anthony Scott's *pro se* Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b)(6), [ECF No. 82], and *pro se* Motion for Compassionate Release or Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), [ECF No. 87], (collectively "Motions"). The Government filed Responses in Opposition to the Motions, [ECF Nos. 84, 91], and Defendant filed Replies, [ECF Nos. 86, 93]. Defendant also filed a Supplement to his Motion for Relief from Judgment, [ECF No. 97], to which the Government also filed a Response, [ECF No. 98]. On January 30, 2023, the Court referred the Motions to Magistrate Judge Becerra for a Report and Recommendation. *See* [ECF No. 96].

On January 17, 2024, Magistrate Judge Becerra issued an Omnibus Report and Recommendations on the Motions ("Report"), [ECF No. 100]. In the Report, Magistrate Judge Becerra recommends that Defendant's Motion for Relief from Judgment, [ECF No. 82], be dismissed and the Motion for Compassionate Release, [ECF No. 87], be denied. In accordance with Fed. R. Crim. P. 59, the Report directed the parties to file written objections to the Report within 14 days. Report at 17–18. As of the date of this Order, no party has filed an objection to the Report, and the time to do so has elapsed.

Pursuant to the Federal Rules of Criminal Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, or at some other time the court sets, a party may

serve and file specific written objections to the proposed findings and recommendations . . . Failure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(b)(2); *see also United States v. Candelo*, 292 F. App'x 782, 783 (11th Cir. 2008). A district court reviewing a magistrate judge's report and recommendation "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court must therefore conduct a *de novo* review if a party files a proper, specific objection to a factual finding contained in the report and recommendation. *See, e.g., Macort v. Prem, Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006); *Jeffrey S. by Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 512-13 (11th Cir. 1990). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. *See Macort*, 208 F. App'x at 783–84. Legal conclusions are subject to *de novo* review, even if no party specifically objects. *See U.S. v. Keel*, 164 F. App'x 958, 961 (11th Cir. 2006); *U.S. v. Warren*, 687 F.2d 347, 347 (11th Cir. 1982). Here, after reviewing the Report and the record, as well as carefully conducting a *de novo* review of all legal conclusions contained within the Report, the Court is satisfied that the Report contains no clear error and agrees with the conclusions reached by Magistrate Judge Becerra. *See Macort*, 208 F. App'x at 783–84. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Report, [ECF No. 100], is **AFFIRMED AND ADOPTED**. Defendant's Motion for Relief from Judgment, [ECF No. 82], is **DISMISSED,** and Defendant's Motion for Compassionate Release, [ECF No. 87], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of February, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**